```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ROBERT A. HULL,

              Plaintiff,

vs.                                  Case No.  2:07-cv-167-FtM-29SPC

STATE   OF   FLORIDA;   TRANSITIONAL
HOUSING SERVICE,

              Defendants.
_____
```

**ORDER**

Plaintiff, who describes himself as a "forensic client with documented disabilities" is currently confined at the Lee County Jail as a pretrial detainee. On March 19, 2007, Plaintiff filed a handwritten pleading entitled "Demand for Relief" (Doc. #1). Although the pleading is not the model of clarity, it appears that Plaintiff was ordered by the state circuit court to undergo a mental health examination in connection with his underlying pending criminal action. Plaintiff seeks an order from the Court directing state officials to release Plaintiff from custody on bond, or on his own recognizance, while he prepares for his examination. Further, Plaintiff seeks an order directing various state and mental health agencies to assist Plaintiff with residential care and mental health services during his release. Consequently, the Court construes Plaintiff's "Demand for Relief" as a petition for a writ of habeas corpus or writ of mandamus.

To the extent that Plaintiff seeks a writ of habeas corpus, a pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. See <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998). The petitioner, however, must satisfy two requirements. First, the petitioner must be "in custody." 28 U.S.C. § 2241. Second, the petitioner must have exhausted his state remedies. See <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1059 (11th Cir. 2003). Remedies are not considered exhausted if any state procedures remain available to a petitioner. <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 489 (1973). In particular, the petitioner is required to pursue "one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 828, 845 (1999). Plaintiff has not submitted his petition on the proper form, nor has he alleged, yet alone demonstrated, that he has availed himself of the State's "appellate review process." <u>Id.</u>

To the extent that Plaintiff seeks a writ of mandamus, Plaintiff is advised that such writs have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure, although United States District Courts do have jurisdiction in actions in the nature of mandamus, pursuant to 28 U.S.C. § 1361. While federal courts have jurisdiction over mandamus actions that seek to compel a federal official to perform a specific duty, 28 U.S.C. § 1361, federal courts have no general power to compel performance by a **state** official, or a private corporation in

privity of contract with a state agency, where mandamus is the only relief sought. Russell v. Knight, 488 F.2d 96, 97 (5th Cir.1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir.1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971).[1]  Here it is clear that the relief Plaintiff seeks is directed at state officials and agencies and/or private corporations.  Moreover "[m]andamus is an extraordinary remedy and will not lie if other remedies are available." Lifestar Ambulance Serv. v. United States, 365 F.3d 1293, 1298 (11th Cir. 2004).  Here, as stated earlier, Plaintiff Hull has state remedies available should he seek to challenge his current detention pending trial.

ACCORDINGLY, is hereby

**ORDERED**:

1.  Plaintiff's Demand for Relief (Doc. #1), construed as a petition for writ of habeas corpus and/or writ of mandamus is **DENIED**.

2.  The **Clerk of Court** shall: 1) provide Plaintiff with a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for his use, if applicable, after Plaintiff exhausts his State

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

remedies; 2) terminate any outstanding motions; and 3) close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __24th__ day of April, 2007.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record